IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAUL LEE,<br><br>    Plaintiff,<br><br>v.<br><br>JOELLEN THARRINGTON and<br>JKC CONCIERGE LLC,<br><br>    Defendants. | Case No. 3:23-CV-02686-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case.").

Plaintiff Paul Lee recently filed this action *pro se* against Defendants JoEllen Tharrington and JKC Concierge LLC ("JKC"). (Doc. 3). Tharrington owns JKC, a business offering to help inmates while serving time and re-entering society with services including banking, attaining debit cards, shopping, mailing, and establishing credit. (Docs. 3, 8). Lee, a state prisoner, alleges that Tharrington and JKC breached their contractual agreement to perform specific duties under a "durable financial power of attorney." (*Id.*). Lee claims that he deposited $5,300 with Defendants for the opening of a brokerage account with Ameritrade and a debit account with Walmart Money Center. (*Id.*). Tharrington charges an hourly rate for her services, which started at $25 per hour, as well as an annual membership fee. (*Id.*). Lee

also asserts that he sent "intellectual property illustrations" to Tharrington to open a Zazzle online store to sell products on his behalf and create a company Facebook page with his company logo. (*Id.*). Lee reports being charged $380 for services rendered in May 2022, which he contested along with several unauthorized withdrawals from his debit account. (*Id.*). According to the complaint, even after Lee terminated her services, Tharrington never refunded his money, set up his online store, or returned his intellectual property.

Originally, Lee attempted to assert federal question jurisdiction with a claim arising under 15 U.S.C. § 57(a), but that claim was dismissed, as the statute does not authorize a private cause of action. (Doc. 5). Without that federal claim, this case relies on diversity jurisdiction to remain in federal court for Lee's claims under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, *et seq.*, or any other standard breach of contract or common law fraud claims under Illinois state law woven into his complaint. As such, the Court instructed Lee to amend his complaint to properly allege Defendants' citizenship. (Doc. 5). Lee filed an Amended Complaint on August 21, 2023. (Doc. 8).

Under Section 1332, district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a)(1). "Citizenship" for diversity purposes is determined by a party's domicile, *see Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 n. 4 (7th Cir. 1994), which is the state where a party is physically present and intends to remain indefinitely. *See Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993). The citizenship of a limited liability company ("LLC"), for purposes of diversity jurisdiction, is the citizenship of each of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).

In his Amended Complaint, Lee asserts that he is a citizen of Illinois. He also alleges that Tharrington is a citizen of Pennsylvania and is the sole member of JKC, an LLC. As its sole member is a citizen of Pennsylvania, JKC is considered a citizen of Pennsylvania for diversity jurisdiction purposes. The Court is satisfied that complete diversity of citizenship exists in this case.

Upon further review, however, the Court finds that this action does not satisfy the requisite amount in controversy for diversity jurisdiction. In his Amended Complaint, Lee simply lists $31,320 in compensatory damages and $227,010 in punitive damages. But looking closely at the factual allegations, the Amended Complaint only contains reference to compensatory damages totaling $5,300—his initial payment to Tharrington. All other costs listed, like the $380 charged for services rendered, were withdrawn from this initial amount.[1] As such, Lee relies heavily upon punitive damages to meet the amount in controversy requirement and requires more than $69,700 in punitive damages to cross the jurisdictional line.

When a plaintiff relies on punitive damages to meet the amount in controversy requirement, a two-part inquiry is necessary. *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000) (internal citations omitted). First, a court must determine if punitive damages are recoverable under state law. *LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542, 551 (7th Cir. 2008) (citing *Del Vecchio*, 230 F.3d at 978). If punitive damages are available, a court has subject matter jurisdiction unless it is "legally certain" that the plaintiff will be unable to

---

[1] Lee also claims that Tharrington possesses his intellectual property and has not returned these materials to him. But he fails to connect these claims to any claim for compensatory damages. He does not allege Tharrington is using his intellectual property in an unauthorized manner or that she possesses the only copies of these digital files.

recover the requisite amount. *Id.*

Here, the first inquiry is satisfied. Under Illinois law, punitive damages are available for both the common law of fraud and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, *et seq. Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 275 (7th Cir. 2011). Turning to the second inquiry, punitive damages may be considered toward the amount in controversy for Lee's surviving claims unless it is legally certain that he cannot recover the amount needed to satisfy the jurisdictional amount.

While there is no bright line formula for determining the constitutional limits of punitive damages, excessive or arbitrary damages require close scrutiny to ensure due process. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 424-25 (2003); *Saccameno v. U.S. Bank Nat'l Ass'n*, 943 F.3d 1071, 1086 (7th Cir. 2019). Single-digit multipliers have consistently been allowed. *See Keeling*, 660 F.3d at 275 (finding that a multiplier of five for a case under the Consumer Fraud and Deceptive Business Practices Act was improbable, but not "legally impossible"). But punitive damages that exceed a single-digit multiplier satisfy due process only where a "particularly egregious act" resulted in minimal economic damages. *State Farm*, 538 U.S. at 425.

In this case, the factual allegations only support a claim of compensatory damages totaling $5,300, which would necessitate punitive damages of over $69,700 to meet the amount in controversy requirement. That amount of punitive damages is 13 times the amount of compensatory damages. This punitive damages award would exceed the general single-digit ratio guideline. Further, the conduct alleged is not sufficiently egregious to justify exceeding a single-digit multiplier. Lee generally alleges that he expected Tharrington to manage his money according to his directions, to create an online storefront for him and

produce some kind of product for the business, and to ask permission prior to making withdrawals from his account (even to cover a payment for services owed to Tharrington). Tharrington allegedly violated these expectations by failing to ask permission before withdrawing funds and failing to set up an online store. This is not the type of "particularly egregious act" that would justify such a high punitive damages award. Thus, the Court finds that it is legally certain Lee would be unable to recover the requisite amount of punitive damages to satisfy the amount in controversy necessary to establish diversity jurisdiction.

For these reasons, this action is **DISMISSED without prejudice** for lack of subject matter jurisdiction. Lee may choose to pursue his claims in state court. All pending motions are **DENIED as moot**. The Clerk of Court is **DIRECTED** to enter judgment and close this case.

**IT IS SO ORDERED.**

**DATED:** August 31, 2023

　　　　　　　　　　　　　　　　　　　　　_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**